UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE PRADAXA ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY ) | Judge David R. Herndon |
| LITIGATION ) | |

**This Document Relates to:**

*John and Laura Bishop v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:12-cv-50014

*Khaleel Elahee and Sarah Elahee v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:12-cv-50015

*Lynn Schofield v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:12-cv-50017

*Roddy Howell v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-50007

*Mary Dallman v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-51221

*Ivan Sander and Betty Sander, Husband and Wife v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-51222

*Jack Hays v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-51224

*Irene Margis, Individually and as Personal Representative of Estate of George Margis, deceased v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv- 51223

*Anthony Payne v. Boehringer Ingelheim*

*Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-51234

*Louise Vapnar, Individually and as Personal Representative of the Estate of Mary Vapnar, deceased v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-51231

*Winifred Byrd, Individually and as Personal Representative of the Estate of George Byrd, deceased v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-51233

*Dion Dorizas v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv- 51232

*Smith Wigley, Individually and as Personal Representative of the Estate of Mildred Wigley, deceased v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-51306

*Karen Wilder, Individually and as Personal Representative of the Estate of Jacqueline Wilder, deceased v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-51312

*Lois Ordway, Individually and on Behalf of the Estate of Lily Ordway, deceased v. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-51842

**ORDER**

**HERNDON, District Judge:**

Presently before the Court is the parties' Joint Motion for Further Proceedings and Indicative Ruling Pursuant to Federal Rule of Civil Procedure 62.1(a). Movants state they have reached a proposed resolution plan that, once

complete, is expected to dispose of the pending appeals. Accordingly, movants request further proceedings before this Court and request an indicative ruling on the same.

The judgments dismissing the above captioned plaintiffs' claims are presently on appeal before the Seventh Circuit Court of Appeals. *See John Bishop, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc.,* Docket Nos. 15-1067-15-1081 (7th Cir. Filed Jan. 14, 2015) (Cons.). During the pendency of the consolidated appeal, the parties have engaged in negotiations in an attempt to reach a resolution. According to the subject motion, the parties have reached a proposed resolution and expect the Special Master to file a Report and Recommendation with this Court regarding the same.

The parties, recognizing the Court may lack jurisdiction to act on the Special Master's Report and Recommendation by enforcing or declining to enforce the proposed resolution, move for an indicative ruling under Federal Rule of Civil Procedure 62.1. Under Rule 62.1, when a timely motion for relief is made but the court lacks authority to grant it because an appeal is pending, the court may do one of three things: (1) defer consideration of the motion, (2) deny the motion, or (3) state either that it would grant the motion if the court of appeals were to remand for that purpose or that the motion raises substantial issues.

It is well settled that this Court has "the power to implement a settlement agreement between the parties" and that this power "inheres in the district court's role as a supervisor of the litigation." *Carr v. Runyan,* 89 F.3d 327, 331 (7th Cir.

1996). It appearing that the parties have reached a potential settlement, the Court finds it appropriate to issue an indicative ruling and states as follows:

The parties' motion for an indicative ruling is **GRANTED.** The Court finds that the parties' request for consideration of their proposed resolution plan raises a substantial issue that would warrant further proceedings in this Court.

**IT IS SO ORDERED.**

**Signed this 27th day of August, 2015.**

Digitally signed by David R. Herndon
Date: 2015.08.27 11:19:22 -05'00'

**United States District Court**